SARA M. THORPE (SBN 146529)
sthorpe@gordonrees.com
JASON NELSON (SBN 215186)
jnelson@gordonrees.com
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Plaintiff
UTICA MUTUAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| UTICA MUTUAL INSURANCE COMPANY, <br><br> Plaintiff. <br> vs. <br><br> HAMILTON SUPPLY COMPANY INCORPORATED, a California corporation; <br><br> Defendant. | CASE NO. C 06-07846 SI <br><br> **[PROPOSED] PROTECTIVE ORDER** <br><br> Complaint Filed: December 22, 2006 |

The following Protective Order governs protection of documents in this case, pursuant to Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 501.

1. This Protective Order shall control (a) the exchange of all documents, things and other products, including discovery material, between and among the Parties (as defined below), and from Applicable Nonparties (as defined below); (b) the filing of pleadings, motions, exhibits, and other papers; and (c) the questioning of witnesses.

2. Any Party that has not appeared in this litigation at the time this Order is executed by the Court may agree to be bound by to this Order at anytime.

3. As used herein:

      a.    "Confidential Material" means information that is of value to its owner and is treated by it in the ordinary course of business as confidential. "Confidential Material" shall include the information, document, material or thing itself as well as all data derived therefrom and all copies, summaries, abstracts, excerpts, indices and descriptions. "Confidential Material" may include, without limitation, information relating to claims handling or underwriting decisions, claims handling or underwriting rules, processes, plans, strategies, operations, negotiations, business analyses, identification of employees, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, cooperation, or other organization or concerning or relating to the business of the person or firm from which the information was obtained.

      b.    "Party" and "Parties" means Utica Mutual Insurance Company and Hamilton Supply Company, Inc.

      c.    "Applicable Nonparty" and "Applicable Nonparties" means a nonparty from whom discovery is sought or whose Confidential Material is at issue in this lawsuit.

4.    Any Party or Applicable Nonparty may designate as "Confidential" any exhibits, papers, things, representations of facts, discovery material (including answers to interrogatories, documents and things responsive to requests for production or inspection, and responses to requests for admissions) and sworn testimony (including affidavits, declarations, depositions, and exhibits thereto), or any portion thereof, produced or given in the course of this action that the Party or Applicable Nonparty contends in good faith contains Confidential Material.

5.    When producing material designated as "Confidential," the producing Party or Applicable Nonparty shall mark the face of the document or thing (including

1 responses to interrogatories, requests for admissions, or written deposition questions) to indicate its confidential nature and production pursuant to this Protective Order. In the case of electronic media, the case or container shall be marked as applicable. A producing Party/Nonparty may make documents or things available prior to designating them Confidential Material, by informing of its intention to do so. Such initial inspection does not constitute any waiver of confidentiality with respect to any document or thing so inspected.

6. When giving testimony designated as "Confidential," a testifying witness (or his or her counsel) may announce on the record that such testimony is Confidential Material pursuant to this Protective Order. Alternatively, the testifying witness (or his or her counsel) may designate the beginning and end of the confidential testimony on the errata sheet or in any written form within five (5) calendar days after receipt of a copy of the transcript from the court reporter. All testimony shall be deemed "Confidential" until that 5-calendar day period has expired. After that 5-calendar day period has expired, only that testimony that has been designated as such shall be deemed "Confidential" in accordance with this Order. The court reporter shall bind the Confidential testimony in separate volumes and mark the face of the transcript to indicate its confidential nature and production pursuant to this Order. The producing Party or Applicable Nonparty seeking to have testimony treated as Confidential pursuant to this Order shall bear any and all costs charged by the court reporter in connection with the separate binding or marking of Confidential Material.

7. If Confidential Material is included in any paper to be submitted to the Court, that material shall be filed with the Clerk of the Court under seal pursuant to Local Rule 79-5, and the Clerk of the Court shall keep the material under seal unless and until the Court enters a separate Order specifically directing it to be unsealed. The filing Party or Applicable Nonparty will take steps necessary to ensure that any such material will be maintained under seal by the Clerk of the Court before filing it. When filing material under seal, the filing Party or Applicable Nonparty shall submit the

material to the Court pursuant to the procedures specified in Local Rule 79-5.

8. In the event the Court determines *sua sponte* to unseal any material filed under seal, the Parties or Applicable Nonparties will be provided with adequate advance notice of the planned action and will have the opportunity to object.

9. Any Party may move the Court, upon notice, to remove the designation of "Confidential" with respect to any specified document, testimony, or any other thing, or any portion thereof. The Party challenging the designation of any document, testimony or other thing as "Confidential" shall have the burden of proving the impropriety of such designation.

10. Confidential Material produced or testimony given in this action that is "Confidential", including all information derived therefrom and all copies, summaries, abstracts, excerpts, indices and descriptions, shall be held in confidence and shall not be used, reproduced, distributed, transmitted, disclosed, transferred, reverse engineered, decompiled or disassembled, directly or indirectly, in any form, by any means, or for any purpose other than to assist counsel of record in the prosecution, defense, or settlement of the action captioned above. Confidential Material produced in this action may not be used by any Party or other person in any other litigation.

11. Material or Testimony designated as "Confidential" shall not be made available or disclosed by the receiving Party to anyone other than the following:

   a. In-house attorneys for any Party, active outside attorneys of record and the partners, associates, secretaries, paralegal assistants, and employees of such attorneys to the extent reasonably necessary to render professional services in the litigation;

   b. Employees for any Party, for the sole purpose of assisting in the litigation, and reinsurers of any Party;

   c. Deposition witnesses that are not a Party or employee of a Party, provided that each executes a copy of the declaration pursuant to ¶ 12 below;

      d.      Independent persons retained by a Party or its attorney solely for the purpose of assisting counsel of record in the prosecution, defense or settlement of this action, such as independent experts or consultants, pursuant to the provisions of ¶ 12 below;

      e.      The Court, the Court's staff attorney(s), and judicial assistants of the Court;

      f.      Court reporters and videographers;

      g.      Persons retained by a Party for the purpose of producing graphic or visual aids;

      h.      Any outside copying or document processing vendor (independent of the Parties) retained by counsel to assist such counsel in connection with this action; and

      i.      Any other person designated by written agreement between the Parties or Applicable Nonparties or by subsequent Order of the Court after reasonable notice to all Parties and Applicable Nonparties.

12.    The following procedures shall govern the disclosure of Confidential Material or Testimony to independent persons. Any party proposing to disclose any Confidential Material or Testimony marked as such by an opposing party to an independent person, including experts or consultants, must have that person execute a written, dated declaration in the form attached as Exhibit A acknowledging that he/she has received and read a copy of this Protective Order and he/she agrees to be bound by its terms. The Parties warrant that they will obtain declarations for all such persons prior to disclosure. Counsel of record shall be responsible for maintaining a file of all original executed declarations.

13.    In the event that a Confidential document paper, or thing is produced without having been previously marked "Confidential," the Party in receipt of that material shall, upon written notice from the producing Party or Applicable Nonparty,

stamp the document or thing "Confidential," as applicable, and thereafter preserve such document or thing in accordance with this Protective Order.

14. Except as provided below, witnesses at depositions taken during this action may be shown any Confidential Material without restriction during the course of their deposition and a Party's ability to use, exhibit, or disclose such Confidential Material at depositions taken in this action shall not be limited. Such use will not be deemed a waiver of the provisions of this Protective Order. The Party using Confidential Material during a deposition shall notify the court reporter of this Protective Order. After time for correction of the deposition has expired, the court reporter shall not retain a copy of any Confidential Material.

15. Whenever Confidential Material or Testimony is to be discussed or disclosed in a deposition, the Party or Applicable Nonparty producing the Confidential Material or giving the Confidential Testimony, may require the exclusion from the room of any person who is not entitled to receive the Confidential Material or Testimony under this Protective Order, except the witness, his or her counsel, the court reporter, and if applicable, the videographer.

16. Confidential Material designated Confidential can be replaced by an unmarked copy, if appropriate, for use at trial, without waiving the rights and obligations under this Order.

17. Within thirty (30) days after the conclusion of this action (including all appeals, if any) each Party shall assemble and deliver to the producing Party or Applicable Nonparty all Confidential Material, whether from formal or informal discovery, including papers, documents, things, testimony, and all extracts, summaries and reproductions thereof. The producing Party or Applicable Nonparty will bear the cost of shipping such documents from the non-producing Party's location. Alternatively, at the option and expense of the producing Party or Applicable Nonparty, counsel for the receiving Party may within the thirty (30) day period certify to the producing Party or Applicable Nonparty the destruction of all such Confidential Material

that would otherwise be returned. Insofar as the provisions of this Protective Order restrict communication about, and the use of, the discovery material produced and testimony given thereunder, this Protective Order shall continue to be binding after the conclusion of the action. Notwithstanding the foregoing, outside counsel may retain a complete set of all papers filed in this matter.

18. All originals or reproductions of any Confidential Material given by a non-producing Party to any independent person shall be retrieved by the non-producing Party and returned to the producing Party or Applicable Nonparty, within 30 days of the conclusion of this action or destroyed. All Parties receiving such documents or information shall certify within thirty (30) days of the conclusion of the action that they have returned or destroyed all such documents or information and all copies thereof.

19. In the event that any Party is served any judicial process, court order, and/or administrative or regulatory order to compel production or disclosure of any documents, materials, papers, testimony, or things obtained by that Party from another Party or Applicable Nonparty in this action, and which have been designated "Confidential" by the producing Party, the Party served with such judicial process or order shall, in writing, inform the Parties to this Order, or Applicable Nonparties, within ten (10) calendar days of the receipt of such process or order.

IT IS SO ORDERED.

Date: _____, 2007         _____
                                       HON. SUSAN ILLSTON
                                       UNITED STATES DISTRICT JUDGE

UTICA MUTUAL INSURANCE COMPANY agrees to be bound by this Protective Order.

Date: _____, 2007         _____
                                       SARA M. THORPE
                                       Counsel for UTICA MUTUAL
                                       INSURANCE COMPANY

HAMILTON SUPPLY COMPANY Inc. agrees to be bound by this Protective Order.

Date: _____, 2007

_____
Counsel for HAMILTON SUPPLY COMPANY INC.

# EXHIBIT A

## DECLARATION RE PROTECTIVE ORDER

1. I, _____, have read the attached PROTECTIVE ORDER dated _____, as Ordered by the Hon. Susan Illston (the "Order"), and agree to be bound by its terms with respect to any designated Confidential Material furnished to me as set forth in the Order.

2. I further agree (a) not to disclose to anyone any such Confidential Material or materials and (b) not to make any copies of any Confidential Material furnished to me.

3. I hereby consent to the jurisdiction of the United States District Court, Northern District of California with regard to any proceedings to enforce the terms of the Order.

4. I hereby agree that any Confidential Material furnished to me will be used by me only for the purposes of this litigation and for no other purpose, and will not be used by me in any business affairs of my employer or of my own or be imparted by me to any other person and will be returned to the person who furnished such Confidential Material to me.

_____          _____
Date                           Print Name:_____