1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8    UTICA MUTUAL INS CO,                    No. C 06-07846 SI

9              Plaintiff,                    **ORDER GRANTING LIBERTY
                                             MUTUAL'S MOTIONS TO INTERVENE**
10       v.                                  **AND SET ASIDE ENTRY OF DEFAULT
                                             AND DENYING PLAINTIFF'S MOTION**
11   HAMILTON SUPPLY CO,                     **FOR DEFAULT JUDGMENT**

12             Defendant.
     _____/
13

14          On November 2, 2007, the Court heard oral argument on plaintiff's motion for default judgment

15   and the motions by Liberty Mutual to intervene and to set aside entry of default.  Having considered the

16   arguments of counsel and the papers submitted, the Court hereby GRANTS Liberty Mutual's motions

17   to intervene and set aside entry of default, and DENIES plaintiff's motion for default judgment.

18

19                              **BACKGROUND**[1]

20          Years ago, defendant Hamilton Supply Company sold plumbing products that allegedly

21   contained asbestos.  At least four lawsuits have been brought against Hamilton Supply (as well as

22   against other defendants) in California superior courts alleging injury or death due to asbestos exposure

23   from defendants' plumbing products. Plaintiff Utica Mutual Insurance Company issued general liability

24   insurance policies to Hamilton Supply for three policy periods from January 1, 1988, through January

25   1, 1991.  Once it became aware of the asbestos lawsuits, plaintiff agreed to defend Hamilton Supply but

26   reserved its rights to seek reimbursement of the costs of defending the suits and any money paid out if

27   _____

28          [1]Unless otherwise noted, the following background facts are taken from the allegations of
     plaintiff's complaint.

United States District Court
For the Northern District of California

1   it was later determined that plaintiff's insurance policy did not actually cover Hamilton Supply's

2   liability for its plumbing products.  Plaintiff claims that at the time it entered into the policy and

3   throughout the policy period, it was unaware that Hamilton Supply had a prior history of supplying

4   plumbing products.  Instead, plaintiff claims it was aware only that Hamilton Supply was a property

5   owner and landlord.  Plaintiff now believes that Hamilton Supply was in the plumbing supply business

6   from 1975 through 1981, when it sold its products business to Amfac.

7          Plaintiff filed this complaint on December 22, 2006, seeking reformation of the 1988-1991

8   insurance contracts based on: (1) the mutual mistake that the parties had no intention to provide

9   coverage for liability arising from the plumbing products supply business, since Hamilton Supply was

10  no longer in that business at the time of the policies; or (2) plaintiff's unilateral mistake resulting from

11  the misrepresentations or omissions of Hamilton Supply at the time the parties entered into the contracts.

12  Plaintiff also seeks a declaration that it has no duty to defend or indemnify Hamilton Supply in the

13  asbestos lawsuits filed in state court and seeks reimbursement for costs incurred in defending these suits

14  to date.  Plaintiff's claim for declaratory relief is based in part on plaintiff's additional allegations that

15  Hamilton Supply and its owner Joseph Konis have failed to cooperate in defending the asbestos lawsuits

16  by failing to provide timely notice of the suits, refusing to cooperate in the defense without

17  compensation for Konis' time, and permitting Hamilton Supply to become a suspended corporation,

18  such that it cannot defend against the suits.     Default was entered against Hamilton Supply on June 21,

19  2007, after Hamilton Supply failed to file a responsive pleading.  Plaintiff now moves for a default

20  judgment, asking the Court to (1) reform the insurance policies to reflect the parties' intentions that

21  plaintiff did not provide coverage for liability arising out of Hamilton Supply's supply of plumbing

22  products, (2) declare that plaintiff has no duty to defend or indemnify Hamilton Supply in the asbestos

23  lawsuits, and (3) order Hamilton Supply to reimburse plaintiff for costs and fees it has incurred in

24  defending the asbestos suits to date, a total of $109,103.56.

25         In addition to plaintiff Utica, Hamilton Supply had purchased insurance policies from many

26  other insurers over the years.  A group of five of Hamilton Supply's insurers entered into a cost-sharing

27  agreement  to share the costs of defending the asbestos lawsuits; plaintiff was allotted the largest share

28  because it had insured Hamilton Supply for the longest time.  Edwards Decl. at ¶¶ 5-6.  One of the other

insurers is Liberty Mutual Insurance Company, which issued a policy to Hamilton Supply from September 1, 1977, through September 1, 1979. *Id.* at ¶ 2. Liberty Mutual now seeks to intervene as a defendant in plaintiff's suit and asks the Court to set aside the entry of default, arguing that if the Court enters a default judgment for plaintiff, Liberty Mutual will be forced to cover a larger share of the costs of the asbestos lawsuits because plaintiff will withdraw from the cost-sharing agreement. Liberty Mutual claims it was not aware that plaintiff had filed this lawsuit until June 26, 2007, when another of Hamilton Supply's insurers notified Liberty Mutual that default had been entered. *Id.* at ¶ 7. Liberty Mutual concedes, however, that prior to plaintiff's filing of the lawsuit in December 2006, plaintiff had notified Liberty Mutual and Hamilton Supply's other insurers that it intended to file this lawsuit. Reply at 2-3. In fact, on November 7, 2006, roughly one month prior to the filing of the lawsuit, plaintiff sent an email to Liberty Mutual and the other insurers stating that "Utica anticipates filing its DJ [declaratory judgment] action by the end of the month. Again, please note that none of the carriers will be named in this action." Berez Decl. at ex. F.

## I.      Motion to intervene

### A.      Legal standard

Federal Rule of Civil Procedure 24 is to be broadly interpreted in favor of allowing intervention. *See Forest Conservation Council v. United States Forest Service*, 66 F.3d 1489, 1493 (9th Cir. 1995). Rule 24 entitles a party to intervene of right "when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed. R. Civ. P. 24(a). A motion to intervene under Rule 24(a) is subject to the following four-part test:

> (1) the motion must be timely; (2) the applicant must claim a "significantly protectable" interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.

*Forest Conservation Council*, 66 F.3d at 1493 (quoting *Sierra Club v. U.S. E.P.A.*, 995 F.2d 1478, 1481 (9th Cir. 1993)).

1    Even if a party does not quality for intervention of right, a court may permit that party's "timely

2    application" for intervention "[w]hen an applicant's claim or defense and the main action have a

3    question of law or fact in common." Fed. R. Civ. P. 24(b)(2).  In deciding whether a party should be

4    permitted to intervene, "the court shall consider whether the intervention will unduly delay or prejudice

5    the adjudication of the rights of the original parties." *Id.*  Permissive intervention "is committed to the

6    broad discretion of the district court." *Orange County v. Air Cal.*, 799 F.2d 535, 539 (9th Cir. 1986).

7    Intervention under Rule 24(b)'s general provision requires an independent basis for federal subject

8    matter jurisdiction.  *See EEOC v. Nev. Resort Assoc.*, 792 F.2d 882, 885 (9th Cir. 1986).

9

10   **B.     Discussion**

11   Liberty Mutual moves to intervene in this lawsuit as a defendant, either as of right under Federal

12   Rule of Civil Procedure 24(a), or with the Court's permission under Rule 24(b).  Plaintiff opposes

13   Liberty Mutual's motion, on grounds that the motion is untimely, would prejudice plaintiff, and does

14   not demonstrate that Liberty Mutual possesses a legal or equitable interest in the case.

15   The Court will first address Liberty Mutual's claim of intervention as of right.  The issue of

16   timeliness is a threshold question for intervention under Rule 24, addressed by the sound discretion of

17   the Court.  *See NAACP v. New York*, 413 U.S. 345, 366 (1973); *United States v. British Am. Tobacco*

18   *Australia Servs., Ltd.*, 437 F.3d 1235, 1238 (D.C. Cir. 2006).  Accordingly, "[i]f the court finds that the

19   motion to intervene was not timely, it need not reach any of the remaining elements of Rule 24." *United*

20   *States v. Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996).  In the Rule 24(a) "of right" context, "the

21   timeliness requirement for intervention . . . should be treated more leniently than for permissive

22   intervention because of the likelihood of more serious harm." *United States v. Oregon*, 745 F.2d 550,

23   552 (9th Cir. 1984).  The Ninth Circuit "evaluates three factors to determine whether a motion to

24   intervene is timely: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the

25   prejudice to other parties; and (3) the reason for and length of the delay." *Washington*, 86 F.3d at 1503

26   (internal quotation marks omitted).

27   As to the first factor, the Court agrees with Liberty Mutual that although default was entered

28   against Hamilton Supply prior to the application to intervene, this is not dispositive. *See Stallworth v.*

United States District Court
For the Northern District of California

1 *Monsanto Co.*, 558 F.2d 257, 266 (5th Cir. 1977) (entry of judgment does not alone disqualify

2 application for intervention).  Once Liberty Mutual received actual notice of plaintiff's lawsuit on June

3 26, 2007, it filed this motion to intervene on September 4, 2007, a little more than two months later.

4 The Court does not find two months to be an unreasonable amount of time to wait before filing these

5 motions, given that default judgment would not be entered until at least September 10, 2007.  *Cf.*

6 *NAACP*, 413 U.S. at 367-68.  Because Liberty Mutual filed before the Court ruled on plaintiff's motion

7 for default judgment, the Court finds that this factor weighs in favor of intervention.

8 As to prejudice to the other parties, the Court finds that plaintiff would suffer little to no

9 prejudice if the Court were to grant Liberty Mutual's motion to intervene because plaintiff has done

10 little up to this point other than file a motion for default judgment.  Indeed, plaintiff did not serve

11 Hamilton Supply with service of process (by substituted service) until April, 2007, and then waited

12 another two months before filing its proof of service.  The absence of any realistic prejudice caused by

13 delay is a factor weighs in favor of Liberty Mutual.

14 Finally, the Court finds that the third factor is neutral.  Liberty Mutual claims it did not know

15 of the lawsuit until June 2007, while plaintiff claims it warned Liberty Mutual that it planned to file a

16 lawsuit as early as June 2006 and as late as November 2006.  After the suit was filed in December 2006,

17 however, Plaintiff never actually informed Liberty Mutual about its filing, despite its prior efforts to

18 alert Liberty Mutual of the lawsuit.  Although plaintiff had no duty to inform Liberty Mutual, the Court

19 is not inclined to find that Liberty Mutual was required to investigate whether plaintiff had in fact filed

20 suit.

21 The Court has a strong preference for deciding cases on the merits, a preference that is supported

22 by the Ninth Circuit's broad interpretation of Rule 24 in favor of allowing intervention.  *Forest*

23 *Conservation Council*, 66 F.3d at 1493.  Given this preference, and because these factors weigh in favor

24 of Liberty Mutual, the Court holds that Liberty Mutual's application for intervention was timely.

25 Looking to the three remaining factors, the Court finds that they also weigh in favor of

26 permitting intervention.  Liberty Mutual "has sufficient interest for intervention purposes [because] it

27 will suffer a practical impairment of its interests as a result of the pending litigation," *California ex rel.*

28 *Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006), in that plaintiff will withdraw from the cost-

5

sharing agreement and Liberty Mutual, as the second-largest contributor, will have to pay out substantially more money on behalf of Hamilton Supply in the asbestos lawsuits. In addition, Liberty Mutual's ability to protect its interest will assuredly be impeded as a practical matter by a default judgment in favor of plaintiff, who would at that point be able to unilaterally pull out of the cost-sharing agreement. Finally, Liberty Mutual's interests are not adequately protected by the current parties to the lawsuit because plaintiff's financial interests are opposed to those of Liberty Mutual, and Hamilton Supply has failed to appear in the suit. The Court therefore GRANTS Liberty Mutual's motion to intervene as a party-defendant as of right under Rule 24(a), and need not reach the question of permissive intervention under Rule 24(b).

## II.     Motion to set aside default

### A.     Legal standard

Fed. R. Civ. P. 55(c) provides the standard for determining whether a motion to set aside an entry of default or relief from a default judgment should be granted. Rule 55(c) states that "[for] good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." The standard for setting aside an entry of default is less rigorous than the standard for setting aside a default judgment. *See Haw. Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir. 1986). "[W]hen default judgment has been entered, Rule 55(c) refers to Rule 60(b), which provides that relief from a final judgment may be granted only under specific conditions." *Id.*

The factors used when considering a motion to set aside an entry of default or default judgment are: (1) whether the plaintiff would be prejudiced if the judgment or entry of default is set aside; (2) whether the defendant – here presumably including defendant-in-intervention – has a meritorious defense; or (3) whether defendant's culpable conduct led to the default. *See Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004); *O'Connor v. Nevada*, 27 F.3d 357, 364 (9th Cir. 1994). These factors are disjunctive, such that a district court may deny a motion to set aside entry of default based on any one of these three factors. *Franchise Holding*, 375 F.3d at 926. The moving party bears the burden of showing that these factors weigh in favor of granting the motion

United States District Court
For the Northern District of California

to set aside entry of default. *Id.* "[D]efault judgments are generally disfavored. Whenever it is reasonably possible, cases should be decided upon their merits." *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985); *see also O'Connor*, 27 F.3d at 364.

### B.      Discussion

Because the Court has granted Liberty Mutual's motion to intervene aa a party-defendant, the Court will also consider its motion to set aside entry of default. Default has been entered against Hamilton Supply but default judgment has not, so Liberty Mutual brings its motion to set aside entry of default under Federal Rule of Civil Procedure 55(c).

The first factor the Court considers is whether the plaintiff would be prejudiced if the Court set aside the entry of default. Plaintiff argues that it would be prejudiced because granting Liberty Mutual's motions would push back the resolution of this case by another year, forcing it to litigate the asbestos lawsuits in the meantime. Plaintiff also suggests that the case would have been resolved by the end of 2007 if Liberty Mutual had promptly intervened months ago. Liberty Mutual argues that no prejudice will result because a delay will not hamper discovery or thwart plaintiff's ability to obtain relief. The Court agrees with Liberty Mutual that setting aside an entry of default will not prejudice plaintiff in any meaningful way. In the first place, plaintiff did not even file its proof of service in this action until six months after it was filed, suggesting no great hurry to get it to trial. Had Hamilton Supply entered a responsive pleading and actually litigated this case, there is no way to know when the case would have been resolved, but given its leisurely beginning it seems doubtful that resolution would have been had by the end of 2007. As the Ninth Circuit has stated, "[t]o be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 701 (9th Cir. 2001).

The second factor the Court looks at is whether Liberty Mutual has a "potentially meritorious defense." *Id.* at 699. That is, whether Liberty Mutual has "present[ed] specific facts that would constitute a defense." *Id.* at 700. Liberty Mutual's burden in showing a potentially meritorious defense "is not extraordinarily heavy." *Id.* Plaintiff argues that Liberty Mutual is actually intervening as a plaintiff, not a defendant, and  has failed to meet its burden of putting forth specific facts constituting

a defense for Hamilton Supply. It should be noted, however, Liberty Mutual specifically requested intervention as a defendant; *see* Liberty Mutual's memo in support of motion to intervene, docket no. 21, at 5 ("[H]aving Liberty Mutual as a defendant would simply require Utica to actually prove its claims.") The Court agrees with Liberty Mutual that it has asserted a potentially meritorious defense on behalf of Hamilton Supply. Liberty Mutual will seek to prove, for instance, that plaintiff must continue to defend Hamilton Supply because Hamilton Supply wanted insurance coverage for past sales of plumbing products, and that Hamilton Supply did not mislead plaintiff about its sales of these products. On a motion to set aside entry of default, this is a sufficient showing of the potential for a different outcome were the case actually litigated.

As to the third factor, which asks whether Liberty Mutual's culpable conduct led to the default, plaintiff again argues that Liberty Mutual's delay was caused by its culpable conduct because it knew plaintiff was planning to file a lawsuit against Hamilton Supply in late 2006 and yet never inquired into the status of the lawsuit until it heard from another insurance company that default had been entered. The Court finds that its decision with regard to the timeliness of Liberty Mutual's application to intervene necessarily applies to this factor as well. The Court held that Liberty Mutual's application was timely because it did not deliberately delay the filing of its motions. Accordingly, the Court also holds that Liberty Mutual's conduct was not culpable because it did not demonstrate a "devious, deliberate, willful, or bad faith failure to respond." *Id.* at 699. Because all three factors therefore weigh in favor of deciding this case on the merits, and because the Court is cognizant that "[d]efault judgments are generally disfavored," *Pena*, 770 F.2d at 814, the Court GRANTS Liberty Mutual's motion to set aside entry of default.

///

///

///

8

**CONCLUSION**

For the foregoing reasons and for good cause shown, the Court hereby GRANTS Liberty Mutual's motion to intervene [Docket No. 20] and GRANTS the accompanying motion to set aside entry of default [Docket No. 24].  The Court also DENIES plaintiff's motion for default judgment [Docket No. 17].

**IT IS SO ORDERED.**

Dated: November 5, 2007

_____
SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California